In the Matter of the Application of JOHN H. COLLINS, Petitioner, for an Order of Mandamus against THE CITY OF SCHENECTADY, NEW YORK; WILLIAM C. TREDER, as Commissioner of Health of the City of Schenectady, New York; CHARLES A. HARRELL, as City Manager of the City of Schenectady, New York; WILLIAM A. WICK, as Director of the Department of Finance of the City of Schenectady, New York; SAMUEL H. FRANKEL, THOMAS MOFFETT and HAROLD A. ROOT, the Last Three Named Being Members of the Municipal Civil Service Commission of the City of Schenectady, New York, Respondents.

Supreme Court, Schenectady County, June 15, 1938.

*George A. Marcus*, for the petitioner.

*Arlen T. St. Louis, Corporation Counsel*, for the respondents.

LAWRENCE, J. The petitioner asks that a peremptory order issue to the commissioner of health of the city of Schenectady, N. Y., requiring him to prepare and sign the necessary payrolls to provide for the payment of the salary of the petitioner as deputy commissioner of health from January 1, 1938, at the annual salary of $4,000, and requiring the director of finance to audit and pay the same.

Petitioner is a physician. He was appointed deputy commissioner of health on September 1, 1936. The city of Schenectady is operated under city manager plan " C." The city councilmen and mayor perform the duties of a board of aldermen. The city manager is appointed by the council and the manager has the right to appoint city officials and employees, including the deputy commissioner of health, when authorized by the council. The city council, under date of August 10, 1936, adopted an ordinance, designated by the number 8322, creating a department of public health. Such ordinance created the position of commissioner of health, with a term of office of four years, to be appointed by the city manager. Such ordinance also created the position of deputy commissioner of health to be appointed by the city manager for the same term as the commissioner of health. The salary of the commissioner was fixed at $7,000, and the salary of the deputy commissioner was fixed at $4,000.

Under date of September 1, 1936, the city manager appointed the petitioner as deputy commissioner of health, pursuant to section 92 of chapter 444 of the Laws of 1914. This law gives the manager the right to appoint such officers and employees as the council shall determine are necessary for the proper administration of the

city. Such appointments are apparently certified to the city clerk.

Petitioner apparently occupied this position until January 1, 1938. Under the practice in the fall of 1937 the city manager submitted to the council a tentative budget for 1938, which contained the items and positions of the budget for 1937. This tentative budget omitted any salary for the deputy commissioner of health for 1938, and it left that office blank for 1938. It contained a statement of the salary of the deputy commissioner for 1937. The budget, as adopted for 1938, omitted all mention of the office theretofore held by the petitioner and contained no provision for salary for the deputy commissioner of health, and no salary has been paid to the petitioner since January 1, 1938.

Petitioner claims that he was ready and willing to perform the duties of deputy commissioner after January 1, 1938, and advised the commissioner to that effect. That, however, may not be important as the petitioner is willing to waive the salary if the matter may be determined as a matter of law and peremptory order made, or the petition dismissed, on the papers submitted.

Under date of February 21, 1938, the city council entertained for adoption an ordinance, numbered 8763, by which it was sought to recreate and re-establish the position of deputy commissioner of health, and made provision for the payment of a salary therefor, and under date of March 21, 1938, such ordinance was adopted. No appointment, however, has been made under it.

The petitioner takes the position that this application for a peremptory order should be granted, or the petition dismissed, as a matter of law, and that there is no question to be determined by an alternative order. Petitioner claims, *first*, that the appointment of September 1, 1936, was for a definite term of four years; *second*, that the position has not been abolished; and, *third*, that the petitioner is entitled to a salary from January 1, 1938, or, under his concession to avoid trial, from date.

The city claims that the position was abolished as of January 1, 1938, and that the recreation of the position on March 21, 1938, gave the petitioner no legal right to an appointment to the recreated position. No question of political significance seems to have been raised. Under statements of counsel the only question to be determined is whether the appointment was for an absolute term of four years and whether it was abolished on January 1, 1938. Whether the position was necessary would seem to be a question of policy for the determination of the city council. Whether work was performed after January 1, 1938, by petitioner is immaterial under the concession of the petitioner, waiving salary.

Taking up the contested questions, it would seem that the position is not a constitutional or elective office. If the contention of the petitioner is correct, that the appointment is for four years, then the petitioner has an absolute property right in the office and the discretion of the council in determining the question of necessity is foreclosed. That would not seem reasonable, as under the law authorizing the appointment that question is a question of policy for the determination of the city fathers. The question remains as to whether, the appointment having been authorized, the position can be eliminated. The position was created for the benefit of the general public and without any intention of creating any contract obligation except as it should continue during the term of necessity. Petitioner could not be compelled to serve a definite term because of a contractual relationship, and by the same process of reasoning the city should not be compelled to pay for something which in the judgment of the authorities was not necessary.

Having arrived at the conclusion that the city should not be liable for salary for a definite term, it would necessarily follow that the position could be abolished at any time as a matter of discretion. Petitioner contends that such elimination could only be accomplished by action in the same way and by the same formality as the appointment, and that, as the city failed to do so, the position continued to exist and the petitioner is entitled to salary after it was again found necessary on March 21, 1938. It is true that the adoption of a budget, containing an appropriation for some employee, does not establish the necessity for the creation of a position for him to fill, but, in my judgment, it does not follow as a necessary corollary that the elimination of the position cannot be accomplished by a failure to provide funds for the payment of salary. No civil service rights seem to be involved. Raising funds for city expenses is a matter for the council to determine. Here the omission to provide funds for any salary shows an unmistakable intention to do away with the position of deputy commissioner of health as of January 1, 1938, and from that date it was abolished and the petitioner was thereby permanently discharged. The fact that later it was deemed necessary to recreate the position does not seem material in the instant case.

The petition is, therefore, dismissed, with twenty-five dollars costs. Ordered accordingly.